MINER, Judge.
The Babcock Company has appealed a final order of the Florida Land and Water Adjudicatory Commission affirming a development order entered by the City of Tampa disapproving, with conditions, the construction of Phase II of Babcock’s Development of Regional Impact. We affirm.
In October 1984, pursuant to Section 380.06(6)(a), Florida Statutes (1983), Bab-cock filed with the City of Tampa its application for approval of development on 62 acres of land on Rocky Point Island, located in Tampa Bay. The island is bisected in an east/west direction by a regional roadway, the Courtney Campbell Causeway, which is one of only four links between Pinellas and Hillsborough Counties. The only intersection on the island by which the Causeway can be accessed is Rocky Point Road. Babcock’s property is located to the north of the Causeway, and Rocky Point Road would provide the only access to the Causeway for the entire development.
In May 1985, a short-term traffic study revealed that the Causeway/Rocky Point Road intersection had been improved “at grade” as much as possible, and that there was no capacity for additional development on the island given the current state of the intersection. Consequently, the Tampa Bay Regional Planning Council recommended denial of the application with conditions, that is, proof by Babcock of funding commitments for roadway improvements, including the construction of an overpass at the intersection.
Although the City at first approved an ordinance issuing a development order for the entire development, in February 1987 it *78 issued an emergency order approving only Phase I thereof upon payment of transportation impact fees. The application was denied as to Phase II, with the conditions that Babcock: 1) show the feasibility of, and funding commitments for, road improvements necessary to maintain the intersection at a certain level of traffic flow; and 2) pay its contribution as established by Rule 9J-2.0255, Florida Administrative Code, or the city’s impact fee, whichever was greater.
Babcock appealed the order to the Florida Land and Water Adjudicatory Commission pursuant to Section 380.07, Florida Statutes. A hearing officer presided over the subsequent hearings, during which Babcock presented expert testimony regarding the level of development currently supportable by the intersection. Babcock also proposed an overpass, to be constructed at the intersection and designed to permit full build-out of the development.
In February 1989, the hearing officer issued a recommended order affirming the city’s development order. After first finding that Babcock’s development would have a negative impact on the intersection, a finding which Babcock does not challenge, the hearing officer found that the overpass proposed by Babcock as a curative measure was not proven feasible or, if feasible, adequate to address the problem. This finding was based on 1) the unfamiliarity of the expert witness with the overpass design; 2) the omission to consider that heavy vehicles, such as city buses, used the Causeway; 3) the fact that the proposed entrance and exit ramps would operate at an unacceptable level of service; 4) the absence of a design life for the overpass, despite Department of Transportation regulations requiring a 20 year design life; 5) the absence of evidence that the overpass could be constructed in the right of way currently held by DOT; 6) the omission from the proposed cost of expenses for right of way, design and engineering, environmental costs and business damages; and 7) the fact that the expert opinion of feasibility was based on drawings different from the one presented at the hearing.
In application proceedings for developments of regional impact, the burden is on the state to show that an adverse impact will result if a permit is granted. Graham v. Estuary Properties, Inc., 399 So.2d 1374, 1379 (Fla.) cert. den. 454 U.S. 1083, 102 S.Ct. 640, 70 L.Ed.2d 618 (1981). Here, the hearing officer found, and Bab-cock does not dispute, that the state met that burden by demonstrating the degradation of the Causeway/Rocky Point Road intersection which would result from full build-out of the project. The burden of proof therefore shifted to Babcock to prove that its proposed curative measure, an overpass to be constructed at the intersection, is adequate, a burden which has been held neither unconstitutional nor unreasonable. Graham at 1379.
Babcock’s argument on this point focuses entirely on the propriety of the requirement that it bear the full cost of the proposed overpass, contending that payment of the City of Tampa’s transportation impact fee should be held “adequate provision” for the negative traffic impact. See Section 380.06(15)(e)2, Florida Statutes (a local government shall not approve a development of regional impact that does not make adequate provision for the public facilities needed to accommodate the impacts of the proposed development). However, in our view, before the issue of payment for the proposed curative measure becomes relevant, the measure itself, here, the overpass, must be proven by Babcock to be adequate. Graham.
Based on the factual findings outlined above, the hearing officer specifically found that, while an overpass would ease traffic congestion at the intersection, Bab-cock had not proven that its proposed overpass would accomplish that end, or even be technically feasible. Nowhere does Bab-cock challenge this finding, nor the sufficiency of the evidence to support it.
We therefore find that, because competent substantial evidence supports the finding of the hearing officer that Babcock failed to prove the adequacy of its proposed curative measure, the application was properly denied. See Graham at 1379 *79 (if there is sufficient competent evidence in the record to support the finding of the commission that the proposed solution would not only fail to prevent the adverse impact but would in fact add to the problem, the court will not substitute its judgment for a decision of the adjudicatory commission made within the ambit of its responsibilities and with due regard to law and due process). Based on this holding, we do not find it necessary to, and specifically do not, address the propriety of requiring Babcock to bear the full cost of the proposed overpass.
Affirmed.
BOOTH and ALLEN, JJ., concur.